UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UGANDA KNAPPS,<br><br>　　　　　Plaintiff.<br><br>　　v.<br><br>EPISCOPAL COMMUNITY SERVICES (THE SANCTUARY),<br><br>　　　　　Defendant. | Case No. 20-cv-09333-AGT<br><br>**SCREENING ORDER**<br>Re: ECF Nos. 1, 4 |

Uganda Knapps, representing himself, brings this action against Episcopal Community Services ("ECS") for alleged employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. Having granted Knapps' application to proceed in forma pauperis, ECF No. 4, the Court now screens his complaint, pursuant to 28 U.S.C. § 1915(e)(2), and concludes that it is deficient for the reasons stated below. The Clerk of the Court is accordingly instructed not to issue summons or to serve Knapps' complaint on ECS. If Knapps fails to file a satisfactory amendment, the undersigned will recommend that a district judge dismiss his case.

**I.　COMPLAINT ALLEGATIONS**

Utilizing this District's form complaint for employment discrimination, Knapps alleges that on January 31, 2020 and February 2, 2020, while he was working swing shifts at ECS, a male co-worker "touched [Knapps] on [the] butt" as he walked by. ECF No. 1 at 2. When Knapps later told human resources about both incidents, he claims that he was accused of lying and "call[ed] a homophobe," which "cause[d him] to have a negative reaction by [] not wanting to work for ECS anymore." *Id.* Knapps checks the box in his form complaint indicating that ECS discriminated against him based on his religion, and he also alleges that ECS "violated the Psychological Contract that [he] had with the organization" and that ECS' "[l]ack of training management staff is

the reason for the Respondeat Superior!" *Id.* Knapps' complaint does not establish what his religion is or whether he still works at ECS.

## II.   LEGAL STANDARD

Federal courts are required to screen and dismiss in forma pauperis complaints that fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The standard of review under § 1915(e)(2)(B)(ii) mirrors that of Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Because Knapps is pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III.   DISCUSSION

Even affording Knapps the benefit of the doubt, his complaint does not allege sufficient facts from which it can be plausibly inferred that ECS discriminated against him in violation of Title VII. To state a claim for employment discrimination under Title VII, a plaintiff must allege that (1) he is a member of a protected class,[1] (2) he was performing his job in a satisfactory manner, (3) he experienced an adverse employment action, and (4) that he was treated differently than similarly situated persons outside his protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). Here, Knapps checked the box in his form complaint indicating that he experienced religious discrimination, but he includes no factual allegations that plausibly reflect discriminatory motive or otherwise suggest that ECS took any adverse action against him because of his religion. As noted, the complaint does not identify Knapps' religion, nor does it allege any facts about his job performance or treatment different from that of other

---

[1] Title VII protects individuals against discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.

ECS employees. In order to state a Title VII claim that is suitable to proceed, Knapps must allege non-conclusory facts supporting the above elements of a claim.

## IV. CONCLUSION

Because Knapps has failed to allege a plausible claim for relief under Title VII, his complaint fails § 1915 review. Knapps may file an amended complaint, by **March 12, 2021**, to correct the identified deficiencies. If he does not file an amended complaint by that date, or if his amended complaint is still deficient, the undersigned will recommend that a district judge dismiss his case.

Knapps is encouraged to visit the Northern District of California's website, where he can obtain information and resources about appearing pro se. *See* U.S. District Court, N.D. Cal., Representing Yourself, https://cand.uscourts.gov/pro-se-litigants/. Knapps is also encouraged to seek free assistance from the Northern District's Legal Help Center. He can make an appointment by calling (415) 792-8982.

**IT IS SO ORDERED.**

Dated: February 5, 2021

ALEX G. TSE
United States Magistrate Judge